# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,
   Plaintiff,

v.

**ANGEL JAVIER AVILES-MONZÓN**,
   Defendant.

CRIM. NO. 24-457 (MAJ-MDM)

## ORDER ON MOTION TO REOPEN BAIL HEARING

Pending before the Court is the defendant Angel Javier Aviles-Monzón's (the "defendant" or "Mr. Avilés-Monzón"), "First Motion for Bond NEW BAIL HEARING" (the "Motion to Reopen Bail Hearing").[1] Docket No. 44. (Emphasis in original). For the reasons stated below, the Court **DENIES** defendant's request for release on bail.

### I.  Background and Procedural History

On December 12, 2024, the Grand Jury returned a standalone indictment charging the defendant with two counts of possession of a machinegun, in violation of Title 18, *United States Code*, Section 922(o). Docket No. 7.

On January 2, 2025, the defendant appeared before the Honorable Bruce J. McGiverin, United States Magistrate Judge, for an initial appearance. At his initial appearance, the defendant requested that the Court consider releasing him on bail under certain conditions of release. The Government, on the other hand, moved for detention. After hearing from the parties, Judge McGiverin took the matter of bail under advisement. *See* Docket No. 12.

On January 13, 2025, the Court issued an Order of Detention finding that the Government had proven by clear and convincing evidence that no condition or

---

[1] Throughout this Order, the term "bail hearing" and "detention hearing" will be used interchangeably and are intended to refer to the same nature of judicial proceeding.

Case 3:24-cr-00457-MAJ-MDM    Document 80    Filed 04/24/25    Page 2 of 17

*United States v. Angel Javier Aviles-Monzón*                                                                                                                 - 2 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

combination of conditions of release for the defendant will reasonably assure the safety of any other person and the community. More specifically, the Court concluded that no conditions of bail could be fashioned based on the weight of the evidence, defendant's prior criminal history, and his participation in criminal activity while on probation, parole or *supervision. See* Docket No. 13 at 2. (Emphasis added.) Judge McGiverin further explained that he was basing his Order of Detention on the

> Nature of the charged offenses. Prior arrests for firearms. Instant offenses arose while defendant was under supervision in a diversion program. Government proffers phone extraction evidence that defendant fired [an] automatic weapon from [a] car window.

*Id. at 3.* Because the issue of bail was handled during the initial appearance, Judge McGiverin instructed the Pretrial Services Office that the preparation of a formal pretrial services report was not necessary so none was prepared.

On February 20, 2025, the Grand Jury returned a superseding indictment (the "Superseding Indictment") against the defendant charging him with the same two counts of possession of a machinegun on the same two dates alleged in the Indictment, that is on June 4, 2023 and August 25, 2024. *See* Docket No. 33. The only change made in the Superseding Indictment was the addition of further factual allegations in Count Two including allegations related to the possession of a conversion device, also known as a "chip," that is intended solely and exclusively for use in converting a firearm into a machinegun. Otherwise, all charges and forfeiture allegations remained the same as in the original Indictment.

On February 28, 2025, the defendant filed a "Motion for DeNovo Hearing and to Revoke Detention" (the "Motion for a DeNovo Hearing"). *See* Docket No. 36. In the Motion for a DeNovo Hearing, the defendant asked the Court to revoke Judge McGiverin's Order of Detention and release him under new conditions of release. *Id.*

Case 3:24-cr-00457-MAJ-MDM   Document 80   Filed 04/24/25   Page 3 of 17

*United States v. Angel Javier Aviles-Monzón* - 3 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

On March 11, 2025, the Government filed a response in Opposition to the Motion for a DeNovo Hearing (the "Opposition to the Motion for a DeNovo Hearing"). *See* Docket No. 41.

Moments later, on that very same day, the Court issued a Docket Entry Order denying the defendant's Motion for a DeNovo Hearing. *See* Docket No. 42. In its Docket Entry Order, the Court stated in relevant part that,

> The Motion requests [a] de novo review of 13 "Order of Detention" issued on January 13, 2025. On February 20, 2025, the Government filed 33 "Superseding Indictment." Defendant was arraigned on the charges set forth in the Superseding Indictment on March 10, 2025. Defendant's 36 "Motion for De Novo Hearing" is therefore MOOT. To the extent Defendant seeks de novo review of any order resulting from the arraignment held on March 10, 2025, he must move the Court for review of that Order.

*Id.*

In his Order of Detention, Judge McGiverin specifically did not find that the defendant posed a serious risk of flight, nor a serious risk of obstructing justice or threatening a witness or juror under sections 3142(f)(2)(A) or (f)(2)(B). *Id.* He only found that the defendant posed a danger to the community. *Id.*

On March 13, 2025, the defendant filed the "Motion to Reopen Bail Hearing" that is currently pending before the Court. *See* Docket No. 44. In his Motion to Reopen Bail Hearing, the defendant sought essentially the same relief requested in the Motion for a DeNovo Hearing and proposed the same conditions of release.

On March 14, 2025, the presiding judge, María Antongiorgi, referred the Motion to Reopen Bail Hearing to the undersigned for "a new detention hearing based on the Superseding Indictment." Given the nature of the referral, on March 19, 2025, the undersigned set a reopening of bail hearing without making any finding as to whether the defendant had, in fact, met the high threshold standard for granting a reopening of a bail hearing. *See* Docket No. 50.

Case 3:24-cr-00457-MAJ-MDM   Document 80   Filed 04/24/25   Page 4 of 17

*United States v. Angel Javier Aviles-Monzón*   - 4 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

On March 26, 2025, the undersigned convened a reopening of the bail hearing. During the reopening of the bail hearing, the Court heard from the parties and from the U.S. Probation Officer. The defendant argued in favor of release on conditions, the Government argued in favor of detention, and the U.S Probation Officer gave a succinct oral report summarizing the defendant's pretrial services interview. The Court then took the matter under advisement.

On April 9, 2025, the undersigned ordered the U.S. Probation Office to prepare a full pretrial services report.

On April 16, 2025, the U.S. Probation Office filed a full pretrial services report, which recommended that the defendant be released on conditions of release. *See* Docket No. 73. On April 21, 2025, an Amended Pretrial Services Report was filed by the U.S. Probation Office changing its recommendation from that of bail to that of detention without bail.

On April 24, 2025, the undersigned contacted Pretrial Services Officer Naysha Nuñez to inquire as to the reasons behind the U.S. Probation Office's change in recommendation from bail to detention without bail in the Amended Pretrial Services Report. Officer Nuñez explained that the original recommendation for bail included in the April 16, 2025 Report was done in error because once she had confirmed that the new criminal conduct occurred during the pendency of defendant's drug court diversion supervision, the recommendation from Probation was going to be for detention rather than bail. Officer Nuñez informed that she would either amend the pretrial services report again to explain the reason for the change or would file an informative motion explaining the change.

Late in the afternoon on April 24, 2025, Pretrial Services issued an Addendum to the Amended Pretrial Services Report, wherein it documented the above explanation for the change in its prior bail recommendation.

For the reasons that follow, I hold that the defendant failed to overcome the heavy burden of showing that 1) new information exists that was not previously available to the defendant, and 2) such information has a material bearing on the

Case 3:24-cr-00457-MAJ-MDM Document 80 Filed 04/24/25 Page 5 of 17

*United States v. Angel Javier Aviles-Monzón* - 5 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

determination of the defendant's danger to society or serious risk of flight. 18 U.S.C. § 3142(f)(2)(B) (emphasis added); *Rodríguez-Adorno*, 606 F. Supp. 2d at 234 (citing *Dillon*, 938 F.2d at 1415). I therefore **DENY** the defendant's Motion to Reopen Bail Hearing. The Court explains.

## II. Legal Analysis

### A. The Bail Reform Act's standards for detention

The Bail Reform Act directs the judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the preceding terms will not reasonably assure appearance or will endanger safety, then the judicial officer is directed to consider a number of conditions to be attached to a release order. 18 U.S.C. § 3142(c). Only "[i]f, after a hearing pursuant to [§ 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," shall the judicial officer order detention. 18 U.S.C. § 3142(e).

Section 3142(f)(2), in turn, specifies certain conditions under which a detention hearing shall be held, including upon motion of the attorney for the Government or upon the judicial officer's own motion in a case involving "a serious risk that such person will flee" or obstruct justice. *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988); 18 U.S.C. § 3142(f)(2)(A) and (B).

It bears emphasizing that section 3142(f) does not permit detention hearings at the Government's discretion but rather limits such hearings to specific circumstances where the pending charges fit squarely under §§ 3142(f)(1) and 3142(f)(2).

More specifically, section 3142(f)(1) provides as follows:

> (1) upon motion of the attorney for the Government, in a case that involves—

Case 3:24-cr-00457-MAJ-MDM   Document 80   Filed 04/24/25   Page 6 of 17

*United States v. Angel Javier Aviles-Monzón*  - 6 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

  (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  (B) an offense for which the maximum sentence is life imprisonment or death;

  (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

  (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

  (E) any felony that is not otherwise a crime of violence that involves a minor victim or **that involves the possession or use of a firearm** or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, *United States Code*; or

(2) upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—

  (A) a serious risk that such person will flee; or

  (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

*Id.* (Emphasis added).

  In this case, because the charges involve the possession of a machinegun, which is, of course, a type of firearm, they clearly fall within the scope of section 3142(f)(1)(E). For that reason, the Government was free to argue at the original detention hearing that the defendant posed both a danger to the community, and

Case 3:24-cr-00457-MAJ-MDM   Document 80   Filed 04/24/25   Page 7 of 17

*United States v. Angel Javier Aviles-Monzón*                                                                                                                  - 7 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

though the Court did not so find, also a serious risk of flight or of obstructing justice. *See* 18 U.S.C. §§ 3142(f)(1), 3142(f)(2)(A) and 3142(f)(2)(B).

After identifying the applicable section(s) of 3142(f), the judicial officer must then consider the statutory factors set forth in 18 U.S.C. § 3142(g) to determine whether pretrial detention is warranted, namely (1) the nature and circumstances of the offense charged; (2) the "weight of evidence" against the defendant; (3) the history and personal characteristics of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [the defendant's] release." 18 U.S.C. §3142(g).

### B. The standard for reopening a bail hearing

If the Court orders a defendant detained pending trial, section 3142(f)(2) provides that the court may reconsider that detention order "at any time prior to trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions that will reasonably assure the appearance of such person as required . . . ." 18 U.S.C. § 3142(f)(2)(B); *United States v. Rodríguez-Adorno*, 606 F. Supp. 2d 232, 234 (D.P.R. 2009) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991).

Many courts have interpreted strictly the statutory provision authorizing the re-opening of a detention hearing, holding that hearings should not be re-opened if the evidence proffered was available at the time of the hearing. *See* Dillon, 938 F.2d at 1415 (affirming district court's decision not to re-open detention hearing based on defendant's submission of affidavits from witnesses that could have been introduced at the original hearing); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (affirming district court's decision not to re-open detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new); *United States v. Peralta*, 849 F.2d 625, 626–27 (D.C. Cir. 1988) (affirmed a district court decision to re-open detention hearing and detain the

Case 3:24-cr-00457-MAJ-MDM Document 80 Filed 04/24/25 Page 8 of 17

*United States v. Angel Javier Aviles-Monzón* - 8 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

defendant on the basis of information not available at the initial hearing, to wit, the denial of a suppression motion which increased the likelihood of conviction).

Accordingly, while a movant may certainly (and usually will) become aware of new evidence as a result of discovery or investigation, and those discovery materials will almost certainly bear on the "weight of the evidence" and "nature of the charge" factors considered during a detention review, this Court held in *Rodríguez-Adorno*, at 239, that Congress intended new information to mean something other than a defendant's own evaluation of the strength of the case against him, requiring, for example: truly changed circumstances, something unexpected, or a significant event. *See, e.g., Patriarca*, 948 F.2d 789, 794 (1st Cir. 1991) (citing the occurrence of a "significant event" in the interval between the magistrate's [judge's] detention order and the district court's release order); *United States v. Chen*, 820 F. Supp. 1205, 1209 (N.D. Cal., 1992) (citing the case's "surprising turns" as justification for the Court's reconsideration of the pretrial release order for certain defendants).

Moreover, it is not sufficient that the information brought to the court's attention simply be "new," but it must also be material to the Court's determination of flight risk or danger to the community. *Rodríguez-Adorno*, 606 F. Supp. 2d at 234. Absent a material impact on the court's adjudication of the facts supporting detention and a potential to justify the reopening of a bail determination, there is no basis to allocate the court's time and resources to a renewed hearing.

### C. The Court finds that the defendant failed to put forth new information that would justify the reopening of the bail hearing.

In this case, the defendant submits that the Government made misrepresentations during his initial detention hearing that upon clarification constitute new information that justifies the reopening of his bail hearing. More specifically, the defendant submits that during the initial detention hearing before Judge McGiverin, the Government proffered that the defendant (1) "had previous run-ins with law enforcement including several arrests for controlled substances and firearms offenses;" (2) the alleged crime occurred while the defendant

Case 3:24-cr-00457-MAJ-MDM    Document 80    Filed 04/24/25    Page 9 of 17

*United States v. Angel Javier Aviles-Monzón*                                                                  - 9 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

"was on supervision by the state court" and that "during that supervision, the defendant violated the conditions of his program multiple times;" and (3) the defendant, if released on even "the strictest of conditions, would still have access to cell phones [and] social media accounts by which he could continue to engage in criminal activity." Docket No. 36 at 8.

The defendant further submits that the Government's proffer described in items 1 and 2 above are misleading and that the Government presented no witnesses to prove its points. In addition, counsel for the defendant submits that defendant's previous counsel who appeared at the original detention hearing failed to inform Judge McGiverin that the Government had executed a search warrant on defendant's home and vehicles while he was touring overseas for work and that the results of the search warrant came up negative to any contraband.

The Government, on the other hand, proffered that defendant's criminal history revealed that he has a prior state court conviction for possession of controlled substances, dated March 30, 2022, and as a result, was *sentenced* to a two-year drug court diversion program that expired on October 5, 2024. The Government also proffered that the defendant has prior *arrests*, but no convictions for carrying, transporting or using firearms without a license, possession or use of ammunition, resisting arrest, driving without a license, and another charge for possession of controlled substances. Docket No. 41 at 2. The Government's proffer regarding defendant's criminal history was later corroborated by the court-ordered Pretrial Services Report, dated April 16, 2025, as amended, on April 21, 2025.

Moreover, comparing the summary of the defendant's criminal history contained in the Amended Pretrial Services Report with Judge McGiverin's Order of Detention, there does not appear to be any misrepresentations or errors that disfavor the defendant in any way. In fact, if there is anything in the Order of Detention, it would best be described as an *underrepresentation* of the defendant's criminal history.

Regarding the defendant's criminal history, Judge McGiverin mentioned simply that defendant has "[p]rior arrests for firearms." He did not mention any of

Case 3:24-cr-00457-MAJ-MDM   Document 80   Filed 04/24/25   Page 10 of 17

*United States v. Angel Javier Aviles-Monzón*                                                     - 10 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

the other many charges for which he was arrested including the multiple controlled substances offenses, the resisting arrest offense, and the driving without a license offense. Therefore, to the extent that any misrepresentation may have occurred regarding defendant's criminal history, it appears to have benefitted him.

The defendant might dispute the use of the word "conviction" for the possession of controlled substances charge from March 10, 2022, considering the fact that it appears that he was considered to have successfully completed the diversion program on October 5, 2024, but there is no disputing the fact that he was *sentenced* to participate in the diversionary program in the first place, and a sentence only occurs *after* a conviction. Whether that conviction was later expunged as a result of his having successfully completed the diversionary program is a question left unanswered by his criminal history.

In the end, however, defendant's contentions regarding any misrepresentations made about his criminal history weighs *against* the reopening of his bail hearing.

Defendant's next ground in support of his argument that there was a misrepresentation by the Government during the initial bail hearing is equally unavailing to justify the reopening of his bail hearing. The defendant contends that the Government made an error in its proffer during the initial bail hearing when it said that the "alleged crime occurred while the defendant 'was on supervision by the state court'" and that "during that supervision, the defendant violated the conditions of his program *multiple* times. Docket No. 36 at 8. The Court finds that these representations by the Government were neither incorrect nor erroneous.

A simple review of the docket shows that defendant was sentenced on October 5, 2022 to participate in the Superior Court of Carolina's drug court diversion program for a period of two years, until October 5, 2024. Meanwhile, the facts surrounding his purported new criminal conduct occurred on June 4, 2023 and August 25, 2024. Clearly, the defendant was on still supervision through the drug court's diversion program on those dates.

Case 3:24-cr-00457-MAJ-MDM   Document 80   Filed 04/24/25   Page 11 of 17

*United States v. Angel Javier Aviles-Monzón* - 11 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

In support of the proffer that he violated the conditions of the diversionary program *multiple times*, the Government proffered in its Opposition to the Motion to Reopen Bail that,

> Defendant's possession of a machinegun charged in Counts 1 and 2 of the Indictment took place on two different instances while he was on supervision by state court. While under supervision, he violated the conditions of his drug court program several times. Specifically, on June 25, 2023, police found 7 firearms – one of them a machinegun – in a vehicle in which the defendant and others had arrived in to attend a basketball game in Carolina. The defendant was not arrested or charged. While the defendant disclaims any ownership of the firearms, he does admit to a finding of a curfew violation, to wit: "[r]egarding the incident referenced by the Government, the court found that Mr. Aviles-Monzón committed a curfew violation." ECF No. 26, at p. 2.

Docket No. 41 at 2.

Based on this proffer, the Court can see how the Government contends that he violated the conditions of his supervision *multiple times* even if no revocation proceeding was ultimately filed against him. After all, the Court may consider the underlying evidence and the underlying conduct for purposes of bail irrespective of whether the defendant was actually charged for that conduct or if the charges were later dismissed. *See United States v. Tortora*, 922 F.2d 880, 886 (1st Cir. 1990) ("While the admissibility of [the evidence] may be an issue at trial, that circumstance does not preclude [its] use at a bail hearing."). Here it is the underlying conduct related to the seven (7) firearms that the Court finds has been demonstrated by preponderance of the evidence.

In conclusion, I do not find any merit in defendant's contention that he did not violate his conditions of release *multiple times*. Accordingly, this point does not support defendant's contention that the Government misrepresented the facts in its proffer such that it would justify a reopening of his bail hearing.

Case 3:24-cr-00457-MAJ-MDM   Document 80   Filed 04/24/25   Page 12 of 17

*United States v. Angel Javier Aviles-Monzón* - 12 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

The defendant next contends that it was error by prior counsel to not have informed Judge McGiverin that the defendant was away touring overseas when law enforcement executed a search warrant on his home and vehicles. The Government mentioned in its Opposition to the Motion to Reopen Bail Hearing, however, that the search warrant was executed *after* the initial bail hearing had been held in this case, during which hearing the defendant was detained by Judge McGiverin. Therefore, the defendant could not have been touring overseas at the time. Obviously, this point does precious little to advance defendant's point that his bail hearing should be reopened.

In the defendant's last contention, he appears to take umbrage with the statement by the Government that even if released on "the strictest of conditions, [the defendant] would still have access to cell phones [and] social media accounts by which he could continue to engage in criminal activity." Truthfully, the Court does not understand why or how this could conceivably constitute new information that would justify the reopening of a bail hearing. It simply appears to be a contention to which counsel disagrees more than it appears to be a source of new information. Therefore, given the lack of development of this argument, the Court merely finds that this unsubstantiated remark fails to advance defendant's argument that it constitutes new information to justify the reopening of his bail hearing. *See United States v. Zannino*, 895 F.2d 1, 17 (1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. . . . It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones . . . . Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace.")

**D. Even if the Court were to find that any of the above contentions raised by the defendant constituted new information, the Court would nevertheless deny the request to reopen the bail hearing because none of the purportedly new information is material to,**

Case 3:24-cr-00457-MAJ-MDM    Document 80    Filed 04/24/25    Page 13 of 17

*United States v. Angel Javier Aviles-Monzón* — 13 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

**nor would it tip the scale in defendant's favor with respect to, the question of his being a danger to the community**

To be clear, Judge McGiverin based his Order of Detention on the fact that the defendant posed a danger to the community, not serious a risk of flight, nor a serious risk of obstructing justice. *See* Docket No. 13. Therefore, with respect to materiality, I will limit my discussion to whether the purportedly new information would be material to the question of defendant's dangerousness to the community.

In order to determine the materiality of the new information to the defendant's posing a danger to the community, the Court will highlight some of the facts gleaned from the Government's proffer.

The Superseding Indictment alleges that the defendant possessed a machinegun on two separate dates, June 4, 2023 and August 25, 2024. With respect to the June 4, 2023, charges, the Government proffered that police found 7 firearms – one of them being a machinegun–in a vehicle in which the defendant and several others had arrived to attend a basketball game in Carolina. Even though the defendant was not arrested nor charged at that time for possession of the firearms or machinegun, and he, in fact, disclaimed ownership of the firearms, he nevertheless did admit to a finding of a curfew violation, to wit: "[r]egarding the incident referenced by the Government, the court found that Mr. Aviles-Monzón committed a curfew violation." Docket No. 41 at 2.

With respect to the August 25, 2024 charges, the Government proffered that the defendant was video recorded shooting a machinegun out the window of a moving vehicle. *Id*.

In addition, the Government's Opposition to the Motion to Reopen Bail Hearing explained that even while under supervision of the state drug court, the defendant continued to possess and handle firearms, as evidenced by several photographs recovered by law enforcement officers from cell phones belonging to one or more of defendant's associates. For example, the photographs depicted below, which were said to have been taken on September 8, 2024, while the defendant was

Case 3:24-cr-00457-MAJ-MDM   Document 80   Filed 04/24/25   Page 14 of 17

*United States v. Angel Javier Aviles-Monzón* - 14 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

still under the supervision of the state drug court diversionary program, show the defendant holding a firearm along with an associate of his. In one of the photographs, the defendant is seen standing next to a basketball court in what appears to be a public housing project. *Id.* at 3.




In addition, the Government proffered that not only did he possess firearms while he was under state supervision, but he also openly discussed using them on social media. For example, in a WhatsApp conversation dated June 4, 2023, the defendant messaged an associate of his to not leave the firearm with him for too long because he may otherwise use it to kill someone. Later, the defendant explained that he almost carried out a "hit" on someone, but decided against it because he was in his personal vehicle at the time. *Id.*

The Government submits that defendant's access to firearms while under supervision by the state court is a strong indicator that he is unwilling to comply with any court-imposed supervision. *Id.* at 4. I couldn't agree more. Indeed, applying the

Case 3:24-cr-00457-MAJ-MDM    Document 80    Filed 04/24/25    Page 15 of 17

*United States v. Angel Javier Aviles-Monzón*  - 15 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

criteria of section 3142(g)[2] to these facts leaves little doubt that the Mr. Avilés-Monzón is precisely the type of defendant Congress had in mind when it wrote of the "small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." *United States v. Tortora*, 922 F. 2d 880, 885-86 (1st Cir. 1990) (citing S. Rep. No. 225, supra, 1984 U.S. Code Cong. & Admin. News at 3189).

In conclusion, the standard of proof for detention on the grounds of dangerousness is clear and convincing evidence. *Id.* Clear and convincing evidence is "more than preponderance of the evidence but less than beyond a reasonable doubt." *United States v. Aguayo-Delgado*, Crim. No. 24-170-25 (RAM), 2024 WL 4448896 *3 (D.P.R. Oct. 9, 2024) (quoting *United States v. Acevedo-Ramos*, 600 F. Supp. 501, 509 (D.P.R. 1984) (citations omitted). This standard requires "a high degree of certainty that the information presented supports the conclusion of dangerousness or risk to the obstruction of justice." *Id.* at *3 (emphasis added).

Given the proffer by the Government, I find that it has demonstrated by clear and convincing evidence that the defendant continued to possess firearms and machine guns while under supervision in his state case. He has therefore demonstrated an inability, or at least an unwillingness, to abide by conditions set by the court. I further find that his online conduct demonstrates his extremely dangerous state of mind and his willingness to commit the ultimate harm against others.

I am unmoved by the millions of dollars the defendant claims to have earned as a reggaetonero and even less impressed by counsel's proffer that *since his arrest* in this case, he has donated hundreds of thousands of dollars to children's charities in Puerto Rico. While the defendant's claimed earnings and charitable contributions are noted, they are not determinative in this analysis, nor do they outweigh the clear and

---

[2] *See* supra, Section II(A).

Case 3:24-cr-00457-MAJ-MDM    Document 80    Filed 04/24/25    Page 16 of 17

*United States v. Angel Javier Aviles-Monzón*                                                                                          - 16 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

convincing evidence of his dangerousness to the community. Such donations cannot neither buy his freedom, nor cancel out the clear and convincing evidence demonstrating the significant danger that he poses to the community at large. Indeed, the fact that he earned so much money while engaged in a profession to which he no doubt excels, and the fact that that could not dissuade him from engaging in such violent and aggressive behavior, convinces me that there are no conditions the Court can impose that could even marginally protect the safety of the community. Neither am I convinced by counsel's insinuation that the defendant is just assuming a personality that is expected from artists in his profession. The defendant understood the rules when he was allowed to participate in a diversionary program in the state court case. He choose to violate the conditions of that diversionary program at his own peril. Indeed, given counsel's argument and defendant's apparent track record, there appears to be an upside down manner of thinking that somehow his involvement in the dark criminal world of drugs and machineguns will somehow boost his reputation in the reggaetonero community. To the extent that that is the case, the defendant must understand that such train of thought comes with serious risks and serious consequences.

Indeed, applying the criteria of section 3142(g) to these facts leaves little doubt that the Mr. Avilés-Monzon is precisely the type of defendant Congress had in mind when it enacted the Bail Reform Act to address those individuals who, by virtue of their conduct, pose such a significant danger to the community that no condition or combination of conditions of release can reasonably assure public safety. For that reason, and for the reasons stated above, I find that none of the information cited by the defendant constitutes new information that would justify the reopening of his bail hearing. Moreover, even if I were to consider that some or all of that information could be considered new, given the proffer of the Government as to the danger that the defendant poses to the community, I find that none of that information highlighted by the defendant is material to the ultimate question of whether the defendant poses a danger to the community.

Case 3:24-cr-00457-MAJ-MDM    Document 80    Filed 04/24/25    Page 17 of 17

*United States v. Angel Javier Aviles-Monzón*                                                                                                          - 17 -
Crim. No. 24-457 (MAJ-MDM)
Order on Motion to Reopen Bail Hearing

Given the fact that the defendant failed to meet his threshold burden to even reopen the bail hearing, the Court deems it unnecessary to engage in an exhaustive analysis of the remaining section 3142(g) factors.

### III.   Conclusion

For the reasons expressed above, the Court finds that the defendant has not proffered any new information that would justify the reopening of his bail hearing. Furthermore, even if the Court were to consider the information proffered to be new, I do not find that it would be material to the ultimate question of defendant's dangerousness to the community. Accordingly, having already held a new bail hearing and having reviewed the full record, the Court finds that there is no justification to disturb Judge McGiverin's prior Order of Detention. The defendant's request for bail under conditions of release (Docket No. 44) is therefore **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of April 2025.

> s/*Marshal D. Morgan*
> MARSHAL D. MORGAN
> UNITED STATES MAGISTRATE JUDGE