**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,                    CRIMINAL NO.24-CR-457 MAJ

    Plaintiff,

      v.

ANGEL AVILES MONZON,

    Defendant

---

**MOTION FOR RETURN OF PROPERTY PURSUANT TO**
**FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)**

NOW COMES the Defendant, Angel Aviles Monzon, by and through the undersigned counsel, and respectfully moves this Honorable Court, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, for the return of certain personal property seized by the Government and retained without lawful justification.[1] In support of this Motion, the Defendant states as follows:

**I. INTRODUCTION**

This Motion concerns a single item of lawful personal property: one gold chain bearing a pendant marked "MONEY WAY" (the "Subject Property"). The Subject Property was seized from the Defendant  on or about January 7, 2025, during the execution of a search warrant that, according to the Government, was issued in connection with an investigation separate from the

---

[1]This Motion is captioned within the above criminal case for convenience. If the Court determines that the seizure of the Subject Property is unrelated to the pending charge, the Motion may be treated as, or refiled as, a separate civil action invoking the Court's equitable jurisdiction. See United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) (per curiam); United States v. Restrepo-Contreras, 330 F. Supp. 2d 72, 73 (D.P.R. 2004); 28 U.S.C. § 1331. Counsel further notes that Rule 41(g) relief assumes that no administrative or judicial forfeiture proceeding has been commenced as to the Subject Property; if administrative or judicial forfeiture proceedings have been commenced, the appropriate vehicle may differ. See generally 18 U.S.C. § 983; see also 18 U.S.C. § 983(e) if a declaration of forfeiture has already been entered.

1

criminal charge for which the Defendant had been arrested. That search yielded no contraband and no evidence of any criminal offense. The Government nonetheless seized numerous items of personal jewelry. Following conferral by counsel, the Government has returned every other seized item and has separately agreed to release a watch and a pair of eyeglasses. The Government's selective retention of a single lawful item, in the absence of any forfeiture proceeding or any articulated evidentiary need, is unreasonable and cannot be sustained under Rule 41(g). The Defendant therefore respectfully requests that the Court order the Subject Property returned.

## II. FACTUAL BACKGROUND

1. On or about January 2, 2025, the Defendant was arrested in connection with the above-captioned matter, charging a violation of [18 U.S.C. § 922(o)].

2. Several days following his arrest, federal agents executed a search warrant at the Defendant's home. According to the Government, that warrant was issued in connection with a separate investigation, unrelated to the charge described in Paragraph 1.

3. The search did not result in the discovery of any contraband or of any item unlawful to possess.

4. During the search, agents seized numerous items of personal jewelry belonging to the Defendant, including, without limitation, earrings, two bracelets, a watch, a pair of eyeglasses, one or more gold chains, and the Subject Property. The description of the Subject Property should be conformed to the property receipt or inventory prepared by the seizing agents.

5.      Through counsel, the Defendant conferred with the United States Attorney's Office for the District of Puerto Rico regarding the return of the seized items.

6.      In the course of that conferral, the Government returned the earrings and the two bracelets, and further agreed to release the watch and the eyeglasses.

7.      The Government has declined to return the Subject Property, asserting only its "position" with respect to that item. The Government has not identified any specific evidentiary need for the Subject Property, and has not represented that any forfeiture proceeding, administrative or judicial, has been commenced as to it.

8.      No criminal charge presently pending against the Defendant arises from, or depends upon, the Subject Property.

9.      The Defendant is the lawful owner of the Subject Property and was in lawful possession of it at the time of seizure. The circumstances of his acquisition and ownership of the Subject Property, including the date and manner of acquisition, its approximate value, the lawful source of the funds used to acquire it, and the location from which it was seized, are set forth in the Defendant's sworn declaration attached as Exhibit A.

## III. LEGAL STANDARD

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return," that the motion "must be filed in the district where the property was seized," and that "[t]he court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). If the court

3

grants the motion, it "must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Id.

The touchstone under Rule 41(g) is reasonableness. As the Advisory Committee has explained, "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable," but "if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." Fed. R. Crim. P. 41 advisory committee's note to 1989 amendment.

A post-conviction Rule 41(g) motion, or a Rule 41(g) motion filed after criminal proceedings have concluded, is treated as a civil action for equitable relief. United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) (per curiam); United States v. Uribe-Londono, 238 F. App'x 628, 630 (1st Cir. 2007) (per curiam). A court in this District has ancillary jurisdiction to decide a post-trial motion for the return of seized property. United States v. Restrepo-Contreras, 330 F. Supp. 2d 72, 73 (D.P.R. 2004). A Rule 41(g) motion should be denied only "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." United States v. Cardona-Sandoval, 518 F.3d 13, 15 (1st Cir. 2008) (per curiam) (quoting United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007)). See also United States v. Morales-Velez, 100 F.4th 334, 344-45 (1st Cir. 2024) (reciting the Pierre standard, observing that the First Circuit had not yet had cause to consider how to treat a Rule 41(g) motion filed by a defendant in an active criminal case where the Government seeks to resolve forfeiture in a separate civil proceeding, and emphasizing the mandatory language of Rule 41(g), which includes no exceptions).

A criminal defendant is presumed to have the right to the return of seized property once that property is no longer needed as evidence. Pierre, 484 F.3d at 87. Where the property is not contraband, is not the subject of a forfeiture proceeding, and is not needed as evidence in the pending prosecution or in any other identified proceeding, its continued retention is unreasonable. See Cardona-Sandoval, 518 F.3d at 15; Fed. R. Crim. P. 41 advisory committee's note to 1989 amendment. If the Government asserts an evidentiary, investigative, or forfeiture interest in the property, it should be required to identify that interest, supported by evidence sufficient to permit the factual determination that Rule 41(g) requires. See Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion.").

## IV. ARGUMENT

### A. The Defendant Is Entitled to Lawful Possession of the Subject Property, Which Is Not Contraband.

The Subject Property is an item of personal jewelry. It is lawful to own and to possess. As set forth in the accompanying declaration, the Defendant acquired the Subject Property lawfully using lawful funds derived from his music career. See Exhibit B. The search that produced the Subject Property yielded no contraband and no evidence of any offense. Jewelry is not contraband, and the Government has never contended otherwise. The Defendant has therefore satisfied the threshold showing that he is entitled to lawful possession of the Subject Property and that the Subject Property is not contraband.

### B. The Government Has No Legitimate Basis to Retain the Subject Property.

The Subject Property is lawful, is not the subject of any forfeiture proceeding, and has not been shown to be needed as evidence in the pending prosecution or in any other identified proceeding. In these circumstances, its continued retention is unreasonable. If the Government asserts an evidentiary, investigative, or forfeiture interest in the Subject Property, it should be required to identify that interest with evidence sufficient to permit the factual determination that Rule 41(g) requires. The Government has identified no such interest on this record.

First, the Government's own conduct refutes any claim of evidentiary need. The Government has returned every other item of jewelry seized in the same search, including the earrings and the two bracelets, and has agreed to release the watch and the eyeglasses. Its decision to retain only this single necklace demonstrates that the preservation of seized property as evidence is not the actual basis for its continued retention. If the Government contends that this lone item is uniquely evidentiary or forfeitable, while all of the others were not, it should be required to identify the specific legal and factual basis for that distinction. The Government has offered no such explanation, stating only that it maintains a "position" as to the Subject Property. A bare "position," untethered to any articulated evidentiary purpose and unsupported by any evidence, does not permit the factual determination that Rule 41(g) requires.

Second, the Subject Property is not subject to forfeiture on this record. The Government has not commenced any forfeiture proceeding, administrative or judicial, as to the Subject Property, and the time and manner of any such proceeding are governed by statute. See 18 U.S.C. § 983. The Government has not alleged, much less shown, that the Subject Property constitutes or is traceable to the proceeds of any offense. A piece of jewelry does not become forfeitable merely because of the words engraved upon it. The inscription "MONEY WAY" is

expressive wording appearing on a commercially manufactured item of jewelry; it is not contraband, it is not evidence of any crime, and it does not render the Subject Property forfeitable. To treat a decorative inscription as a proxy for unexplained wealth or criminal association, untethered to any evidence connecting the item to an offense, would permit the indefinite retention of lawful property on nothing more than suspicion. The Government may not retain lawful property on the prospect that a forfeiture theory might later be developed.

Third, to the extent the Government asserts that the Subject Property is connected to a separate, ongoing investigation, that assertion does not justify continued retention of the original item. Any legitimate evidentiary interest in the appearance or characteristics of the Subject Property can be fully preserved by photographing or otherwise documenting it, after which the original should be returned. Where the Government's legitimate interests can be satisfied even if the property is returned, continued retention is unreasonable. Fed. R. Crim. P. 41 advisory committee's note to 1989 amendment.

**C. Continued Retention Works an Unreasonable Deprivation of the Defendant's Property.**

The Defendant has been deprived of his lawful property since January 7, 2025, without any forfeiture proceeding, without any charge predicated on the property, and without any articulated evidentiary justification. The Government has identified no evidentiary, investigative, or forfeiture interest in the Subject Property, and none appears on this record. Continued retention under these circumstances is unreasonable within the meaning of Rule 41(g), and the Subject Property should be returned. To the extent the Court deems any condition appropriate, Rule 41(g) expressly authorizes the Court to impose reasonable conditions, such as permitting

the Government to retain photographs of the Subject Property, sufficient to protect any legitimate interest while restoring the property to its rightful owner.

## V. CONCLUSION

WHEREFORE, the Defendant respectfully requests that this Honorable Court: (1) enter an Order directing the Government to return the Subject Property to the Defendant within fourteen (14) days; or, in the alternative, (2) enter an Order directing the Government, within fourteen (14) days, either to return the Subject Property or to file a response identifying (a) the custodian presently in possession of the Subject Property, (b) the seizure inventory or property receipt number assigned to the Subject Property, (c) the forfeiture status of the Subject Property, including whether any administrative or judicial forfeiture proceeding has been commenced as to it, (d) any pending investigative or evidentiary need for the Subject Property, and (e) the legal and factual basis for retaining the Subject Property while the other items seized in the same search have been returned; and (3) grant such other and further relief as the Court deems just and proper, including return of the Subject Property upon such reasonable conditions as the Court deems appropriate.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this  17th day of  July, 2026.

> s/Saam Zangeneh
> Saam Zangeneh, Esq.
> Florida Bar No.  526721
> 14 NE 1st Avenue Suite 300 Miami Florida
> 305-441-2333
> saam@zangenehlaw.com
> Counsel for Defendant Angel Aviles Monzon

8

**CERTIFICATE OF CONFERRAL**

The undersigned certifies that counsel for the Defendant conferred in good faith with the United States Attorney's Office for the District of Puerto Rico regarding the return of the Subject Property, and that the Government has declined to return it.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/ Saam Zangeneh
Saam Zangeneh Esq.